IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL ERIC SALLEY #20557-424, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 09 C 4057 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM ORDER

This pro se action by Daniel Salley ("Salley"), filed back on March 16, 2009 in the United States District Court for the Middle District of Florida, has been the subject of a series of errors:

1. Although District Judge G. Kendall Sharp promptly recharacterized Salley's mistaken labeling of his claim and therefore transferred the case to this judicial district, where Salley had sustained the conviction and lengthy sentence that he is now serving and seeks to attack, the transfer papers were apparently lost in transit, so that the matter has just now come to the surface here.

2. When the papers did arrive, the assignment clerk assigned it to this Court's calendar under the generally applicable computer-driven random assignment system, although this Court's colleague Honorable Wayne Andersen was the judge who had presided over Salley's trial and had imposed his sentence.

2. When this Court's minute clerk pointed out to the assignment clerk that Salley's effort really amounted to a 28 U.S.C. §2255 ("Section 2255") motion, so that it should have been assigned directly to Judge Andersen's calendar under Rule 4(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules"), the clerk's quite understandable response was that "habeas is habeas" and that this District Court's LR 40.3(b)(1) therefore called for the random assignment.

As this memorandum order reflects, that last error should be corrected by transferring the case to Judge Andersen's calendar.

In enacting Section 2255, Congress chose to substitute the remedy of a motion under Section 2255(a) for the more generic relief that was historically provided by a writ of habeas corpus unless special and limited circumstances are present. Here is Section 2255(e):

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

That statutory limitation on the employment of habeas corpus simpliciter has not been overcome here, and it cannot of course be overridden by a local rule such as LR 40.3(b)(1). Accordingly

the necessary procedural steps should be taken to cause the action to be assigned directly to Judge Andersen's calendar as called for by Section 2255 Rule 4(a).

                                                           _____
                                                           Milton I. Shadur
                                                           Senior United States District Judge

Date: July 9, 2009